# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08CV9-02-MU

| | | |
|---|---|---|
| DAVID F. LIGHTNER, )<br>    Petitioner, )<br> )<br>    v. )<br> )<br>STATE OF NORTH CAROLINA, )<br>    Respondent. )<br>_____) | | O R D E R |

**THIS MATTER** is before this Court upon the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed January 8, 2008.

By this pleading, the petitioner alleges that on January 4, 1989, he pled guilty and was convicted of Possession with Intent to Sell Cocaine and misdemeanor Possession of Drug Paraphernalia. The petitioner further alleges that the Superior Court of Mecklenburg County dismissed an additional charge of Possession with Intent to Sell Cocaine in accordance with his plea agreement with the State; and that the Court sentenced him to a term of five years imprisonment. Certain attachments to the petitioner's Petition also tend to show that the Judgment of Conviction was entered on January 4, 1989. In any case, the petitioner, himself, reports that he did not directly appeal his convictions or sentence.

Rather, after a delay of nearly 20 years, on August 6, 2007,

the petitioner filed a Petition for a Writ of Certiorari in the Supreme Court of North Carolina, but that Petition was denied by an Order entered November 8, 2007.

Then, on January 8, 2008, the petitioner came to this Court and filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254. Such Petition argues that the petitioner's constitutional rights were violated in January 1989 by virtue of the sentencing Court's inclusion of an "unadjudicated/dismissed offense" in its calculation of the petitioner's sentence. However, based upon this Court's calculations, it appears that the instant Petition may be subject to summary dismissal as time-barred.

That is, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides that Petitions such as the instant one be filed within the 1-year period after the under-lying conviction and/or sentence has become final. The 1-year limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

>collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the petitioner reports that his convictions and sentence were imposed on January 4, 1989; and that he did not directly appeal those matters. Thus, the petitioner's convictions and sentence likely became final approximately ten business days later, on January 16, 1989. However, because those matters became final prior to the enactment of the AEDPA, in the absence of any intervening circumstance, the petitioner had up to and including April 24, 1997 in which to file the instant habeas Petition. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that for pre-AEDPA convictions, 1-year limitations period runs from AEDPA's effective date); and Brown v. Angelone, 150 F.3 370, 375 (4th Cir. 1998) (same). Obviously, the petitioner did not file this Petition within that time period.

In any case, prior to early 2002, federal district courts routinely dismissed habeas corpus petitions which--like this one--appeared on their faces to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on

3

the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Consequently, the Court finds that the petitioner must be given an opportunity to demonstrate that his Petition was timely filed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Within twenty (20) days of the date of this Order, the petitioner shall file a document, explaining why the instant Petition for a Writ of Habeas Corpus should be construed as timely filed.

**SO ORDERED.**

Signed: January 11, 2008

Graham C. Mullen
United States District Judge