```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
          CHARLOTTE DIVISION
            3:08CV9-MU-02
```

```
DAVID F. LIGHTNER,       )
     Petitioner,         )
                         )
         v.              )        ORDER
                         )
STATE OF NORTH CAROLINA, )
     Respondent.         )
_____)
```

**THIS MATTER** comes before the Court on Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, filed January 8, 2008; and on his document captioned as a "Motion To Show Cause Why Petition Was Timely Filed," filed January 25, 2008. For the reasons stated herein, Petitioner's Motion to Show Cause will be overruled; and his Habeas Petition will be dismissed as untimely filed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the documents submitted by Petitioner, on January 4, 1989, he pled guilty and was convicted of one count of Possession with Intent to Sell Cocaine ("PWISC," hereafter) and one misdemeanor count of Possession of Drug Paraphernalia, both offenses committed in violation of North Carolina law. On the occasion of his convictions, the Superior Court of Mecklenburg County reportedly sentenced Petitioner to a total term of five

years imprisonment for his two offenses, and it dismissed an additional PWISC charge which was pending against Petitioner. Petitioner's documents further show that the Judgment for his PWISC and the Drug Paraphernalia convictions was filed on January 4, 1989; and that he did <u>not</u> directly appeal either his convictions or sentence.

Rather, after waiting more than 18 years from the time that his two convictions and sentence were imposed, on August 6, 2007, Petitioner filed a Petition for a Writ of Certiorari in the Supreme Court of North Carolina. Not surprisingly, however, that Petition was dismissed by an Order entered on November 8, 2007.

Thereafter, on January 8, 2008, Petitioner came to federal Court and filed the instant <u>Habeas</u> Petition. By his Petition, Petitioner has asked this Court to decide the single question of whether "The North Carolina State Court, Referenced Above, Sentence[d] Petitioner For An Unadjudicated/Dismissed Offense?" However, upon its initial review of Petitioner's claim, this Court observed that his Petition might be time-barred. Accordingly, on January 11, 2008, the Court entered an Order pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4t Cir. 2002), advising Petitioner of its observation that his Petition was time-barred, and instructing him to file a document explaining why such Petition should be construed as timely filed.

To that end, on January 25, 2008, Petitioner filed a document in purported response to the Court's Order. By that document,

Petitioner asserts that he was never convicted of the second PWISC charge; therefore, the 1989 Judgment for his other two convictions cannot be used as a starting point for calculating his one-year AEDPA deadline.  Notwithstanding Petitioner's assertion to the contrary, however, the Court finds that he has failed to demonstrate that the instant Motion to Vacate was timely filed, or that his untimeliness can be excused.

## II.  **ANALYSIS**

As was explained in the Court's Order of January 11, 2008, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[1]

As has been noted already, Petitioner alleges that on January 4, 1989, he was convicted and sentenced on the two charges to which he pled guilty; and that the subject PWISC charge also was dismissed at that time. Nevertheless, without setting forth any other date for the Court to consider, Petitioner argues that such January 1989 date cannot be used to calculate his one year limitations deadline because no judgment was entered for the dismissed PWISC charge. This argument, however, fails to carry the day for Petitioner.

Rather, as this Court explained in its Hill Order, the AEDPA was not enacted until April 24, 1996; therefore, Petitioner's one year limitations period for challenging anything that happened on January 4, 1989 -- including the State court's alleged miscalculation of his sentence and/or its failure to accurately document the dismissal of his second PWISC charge -- would run for one year from the AEDPA's effective date. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Thus, Petitioner's claim that "the State Court Referenced Above," i.e., the Court which calculated his sentence in 1989, erroneously sentenced him for an

---

[1] The AEDPA also provides for the exclusion of any time which elapses while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. However, Petitioner did not seek any collateral review in State court until August 6, 2007, that is, after his one-year limitations period already had expired. Therefore, that provision is irrelevant here.

unadjudicated/ dismissed offense is time-barred because Petitioner failed to raise it on or before April 24, 1997.

Moreover, even assuming that Petitioner somehow is attempting to argue that this Court violated his rights because it erroneously used the dismissed PWISC charge to calculate his federal sentence for certain drug trafficking convictions, (see United States v. Lightner, 3:93CR133-2-P), such claim still would be subject to dismissal as time-barred. That is, Petitioner was convicted by this Court on the drug trafficking charges on May 16, 1994. Thereafter, Petitioner's federal convictions and sentences became final on October 15, 1996, when the United States Supreme Court denied his Petition for a Writ of Certiorari. Consequently, Petitioner should have brought his challenges to the calculation of his federal sentence on or before October 15, 1997.

Finally, the Court is aware that equitable tolling of the AEDPA statute of limitations is only allowed in "those rare instances where––due to circumstances external to the party's own conduct––it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 541 U.S. 905 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same). Suffice it to say, however, Petitioner has not set forth any matter which could justify equitable tolling for his Petition.

### III. CONCLUSION

Petitioner's Petition was filed far outside of all conceivable one-year limitations periods, and he has failed to establish a basis for the equitable tolling of any such deadlines. Accordingly, the instant Petition must be <u>dismissed</u> as time-barred.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's so-called "Motion To Show Cause Why Petition Was Timely Filed" is **OVERRULED;** and

2. Petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: February 14, 2008

Graham C. Mullen
United States District Judge